IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TAMMY CHRISTINE HANSON                                              PLAINTIFF

      v.                     Civil No. 10-3022

BAXTER COUNTY, ARKANSAS;
SHERIFF JOHN MONTGOMERY;
CHIEF DEPUTY JEFF LEWIS;
LIEUTENANT RANDALL WEAVER;
SARGENT EDWARD ELLIOTT;
CORPORAL LINDA HENRYK;
DR. JOSEPH TULLIS; DEPUTY WILTON
"CHIP" NORRIS; JAILER HELEN FENWICK;
JAILER TONY BECK; JAILER WILLIAM
ALTRAZAN; JAILER HEATHER EASTER;
JAILER GARNETT McMAHON; JAILER
SHERRY LEWIS; JAILER PATRICK GAULT;
JAILER JAMES TUDOR; JAILER SONYA OLNAY;
and JAILER TONY BECK                                                DEFENDANTS

## ORDER

Plaintiff has filed a motion to proceed *in forma pauperis* (IFP) (Doc. 79) in this case. The motion (Doc. 79) is granted. As the Court will serve all subpoenas and writs for the evidentiary hearing, Plaintiff is reminded she will need to file a timely response to the scheduling order.

Plaintiff has also filed a motion to an extension of time to designate her expert witnesses (Doc. 78). The motion (Doc. 78) is granted. Plaintiff is given an extension of time until **January 31, 2012, to designate her expert witnesses.**

Plaintiff seeks access to the Court's Case Management/Electronic Case Files (CM/ECF) system (Doc. 77). The CM/ECF Administrative Policies and Procedures Manual for Civil Filings limits eligibility for access to the system to attorneys admitted to the bar of this court. The motion (Doc. 77) is denied.

Finally, Plaintiff has filed a motion for change of venue (Doc. 75). This is a civil rights case in which Plaintiff contends she was subjected to unconstitutional conditions of confinement

at the Baxter County Detention Center. In her criminal case, Plaintiff maintains she was subjected to "intense, negative and seditious media exposure through each and every phase of her being charged with twenty misdemeanor offences involving cruelty to animals. As a result, she states she has been portrayed as a bad person who "deserved what she got" with respect to her unconstitutional conditions of confinement. In her view, the prior injurious publicity can destroy the integrity of her civil trial.

The motion (Doc. 75) is denied. The scheduled hearing is to the Court not to a jury. Should a jury trial be held at a later point in this case, Plaintiff may renew her motion for change of venue.

IT IS SO ORDERED this 19th day of January 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)