IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TAMMY CHRISTINE HANSON                                             PLAINTIFF

            v.                      Civil No. 10-3022

BAXTER COUNTY, ARKANSAS;
SHERIFF JOHN MONTGOMERY;
LIEUTENANT RANDALL WEAVER;
DR. JOSEPH TULLIS; DEPUTY WILTON
"CHIP" NORRIS; JAILER HELEN FENWICK;
JAILER TONY BECK; JAILER WILLIAM
ALTRAZAN;and JAILER GARNETT McMAHON                               DEFENDANTS

## ORDER

While she was incarcerated at the Baxter County Detention Center, Plaintiff kept a journal as a means of substantiating and documenting the conditions she was subjected to. By order entered on January 12, 2012 (Doc. 74), Plaintiff was directed to provide to Defendant Tullis by January 27, 2012, all portions of the journal that contained facts or factual details regarding Plaintiff's claims including her conditions of confinement. If there were any portions of the journal that she maintained only contained her mental impressions or strategy, Plaintiff was directed to submit those portions to the Court for *in camera* review.

The Court has received from Plaintiff what appears to be her entire journal. The unnumbered pages begin with the date September 26, 2009, and end on June 15, 2010. According to documents submitted in connection with the summary judgment motion, Plaintiff was booked into the BCDC on September 25, 2009, and released on July 10, 2010.

"The work product privilege is designed to promote the operation of the adversary system by ensuring that a party cannot obtain materials that his opponent has prepared in anticipation of litigation." *Pittman v. Frazer*, 129 F.3d 983, 988 (8th Cir. 1997). The work product doctrine does not bar discovery of facts contained in the documents. "[T]he plaintiff may not rely on

-1-

work-product protection to refuse to respond to discovery requests seeking disclosure of nonprivileged fact." *Phillips Electronics North American Corp. v. Universal Electronics, Inc.*, 892 F. Supp. 108 (D. Del. 1995).

The journal contains chronological entries regarding daily activities at the BCDC. For instance, Plaintiff has recorded whether her requests for showers were granted or denied and the timing of the showers; whether her medication was distributed in a timely manner, by whom, and whether she went to the day-room to receive it or remained in her cell; whether her cell was cold and her requests to have her cell warmed up; when she submitted grievances or requests and what response, if any, she received; the lack of privacy in her cell; the lack of cleanliness of the shower; when she was denied various items including cranberry juice, Listerine, feminine hygiene products, etc.

The journal is not protected work product. Instead, it is a collection of contemporaneous facts which Plaintiff recorded to substantiate and document the conditions Plaintiff was subjected to. **Plaintiff is directed to provide the journal to Dr. Tullis by no later than February 9, 2012.**

Plaintiff also submitted a folder containing other documents in her possession. These documents were not addressed by the Court's order of January 12, 2012 (Doc. 74). The Court has no way of knowing if these documents were sought by Defendants during discovery or whether Plaintiff has withheld them claiming the documents constitute work product.

IT IS SO ORDERED this 31st day of January 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE