IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TAMMY CHRISTINE HANSON                                                                      PLAINTIFF

v.                                         Case No. 3:10-CV-03022

BAXTER COUNTY, ARKANSAS; SHERIFF JOHN
MONTGOMERY, Individually and as Sheriff of Baxter
County, Arkansas; LIEUTENANT RANDALL WEAVER,
Individually and as Lieutenant and Jail Administrator of
Baxter County Detention Center; M.D. JOSEPH TULLIS,
Individually and as medical provider of Baxter County
Detention Center and as Deputy Sheriff of Baxter County,
Arkansas; DEPUTY WILTON "CHIP" NORRIS,
Individually and as medical provider of Baxter County
Detention Center and as Deputy Sheriff of Baxter County,
Arkansas; HELEN FENWICK, Individually and as Baxter
County Detention Center Jailer; JAILER TONY BECK
a/k/a TONY BURCH; WILLIAM ALTRAZAN,
Individually and as Baxter County Detention Center Jailer;
GARNETT MCMAHON, Individually and as Baxter County
Detention Center Jailer                                                                    DEFENDANTS

**ORDER**

Currently before the Court is Plaintiff's motion (Doc. 156) for payment of the evidentiary hearing transcript costs to be paid by the Court. Plaintiff requests transcripts for the evidentiary hearings held by the Magistrate and asserts that she cannot afford the purchase of the transcripts but requires them in order to prepare for trial.

The Court is authorized to direct payment by the United States of the expense of preparing a transcript of proceedings before a magistrate judge if such transcript is required by the district court. 28 U.S.C. § 1915(c). In this case, preparation of the transcript was not required by the Court. Rather, it appears that the transcript was ordered by defense counsel. The Court is neither required

nor authorized to direct the United States government to pay for costs associated with obtaining a copy of a transcript not previously required by the Court in this situation. Rather, "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings, but the United States shall not be liable for any of the costs thus incurred." 28 U.S.C. §195(f)(1).

    IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 156) is DENIED. The Court advises, however, that a copy of the transcript may be ordered from the transcriber or, once the transcript is released, may be accessed on PACER for eight cents a page or printed by the Clerk's office for ten cents a page (barring any fee increases).

    IT IS SO ORDERED this 26th day of November, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE