IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TAMMY CHRISTINE HANSON                                           PLAINTIFF

v.                                    Case No. 3:10-CV-03022

BAXTER COUNTY, ARKANSAS; SHERIFF JOHN
MONTGOMERY, Individually and as Sheriff of Baxter
County, Arkansas; LIEUTENANT RANDALL WEAVER,
Individually and as Lieutenant and Jail Administrator of
Baxter County Detention Center; JOSEPH TULLIS, M.D.,
Individually and as medical provider of Baxter County
Detention Center and as Deputy Sheriff of Baxter County,
Arkansas; DEPUTY WILTON "CHIP" NORRIS,
Individually and as medical provider of Baxter County
Detention Center and as Deputy Sheriff of Baxter County,
Arkansas; HELEN FENWICK, Individually and as Baxter
County Detention Center Jailer; JAILER TONY BECK
a/k/a TONY BURCH; WILLIAM ALTRAZAN,
Individually and as Baxter County Detention Center Jailer;
GARNETT MCMAHON, Individually and as Baxter County
Detention Center Jailer                                        DEFENDANTS

## ORDER

Currently before the Court for consideration are the following motions and supporting

documents:

- Plaintiff Tammy Hanson's motion to appoint counsel (Doc. 177) and Defendant

    Joseph Tullis, M.D.'s ("Dr. Tullis") response in opposition (Doc. 189);

- Ms. Hanson's motion for reconsideration (Doc. 178) and Defendants' responses[1]

    (Docs. 190, 191); and

- Ms. Hanson's motion to stay and alternative motion for leave to file an interlocutory

---

[1] The Court notes that the response filed by the Baxter County Defendants (Doc. 191) was
filed a day late.  The Court has nonetheless, in its discretion, considered the late response.

appeal (Doc. 182).

The Court will address each motion in turn.

## I.      Motion for Appointment of Counsel

Ms. Hanson moves the Court to appoint counsel to assist her only on specific trial issues. Ms. Hanson emphasizes that she is not requesting the Court to appoint counsel to actually conduct the trial "because the Plaintiff has worked diligently over the past four (4) years in preparation of personally presenting her case to a jury." (Doc. 177, ¶ 3).

"In civil cases, there is no constitutional or statutory right to appointed counsel. Rather, a court 'may request an attorney to represent any person unable to afford counsel.'" *Ward v. Smith*, 721 F.3d 940 (8th Cir. 2013) (quoting 28 U.S.C. § 1915(e)(1)) (internal citation omitted). The Eighth Circuit has set forth certain factors that a district court should consider when deciding whether to recruit counsel in a civil case, "including the factual and legal complexity of the underlying issues, the existence of conflicting testimony, and the ability of the indigent plaintiff to investigate the facts and present his claims." *Id.* (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)).

Although the instant matter does include certain factual and legal complexities, as well as conflicting testimony, Ms. Hanson has shown herself to be a capable litigant who has ably presented her claims before this Court. Furthermore, Ms. Hanson stated in her motion that she wished to litigate her case at trial. It appears that she wants the Court to recruit a licensed attorney to simply act as standby counsel for when she might need assistance. The Court declines to do so. If the Court were to appoint an attorney in this civil matter, Ms. Hanson would be expected to allow the attorney to act on her behalf as her representative both in filing matters with the Court and in conducting the trial. It would only complicate matters to ask an attorney to be at the ready only when Ms. Hanson

determined she needed assistance. Such an appointment would be unfair to the attorney, who would be unable to litigate the case.

Ms. Hanson's motion for appointment of counsel is, therefore, denied.

## II.     Motion for Reconsideration

### A.     Continuance Issue

Ms. Hanson moves the Court to reconsider its denial (Doc. 176) of her earlier motion for a continuance of the trial date based on the unavailability of one her expert witnesses. In denying the motion for continuance, the Court stated "[t]his matter has been pending for almost four years, and the trial date was set in October of last year. Absent some indication that the testimony is relevant, admissible, and vital to Ms. Hanson's case, the Court declines to continue this litigation further on the basis that a recently retained expert will not be available." (Doc. 176, p. 10).

Ms. Hanson appears to believe that the motion was denied based on a mere procedural misstep on her part. Ms. Hanson states that she did not attach supporting documentation to her motion based on the fact that "when the Plaintiff contacted the Court to inquire on the procedural rule pertaining to a motion for trial continuance, the Judge's law clerk advised the Plaintiff that there was 'no specific rule' governing the attachment of supporting documentation to a motion for continuance." (Doc. 179, pp. 3-4). Ms. Hanson is reminded that, although she is proceeding pro se, the Court's staff attorneys are not her personal attorneys in this case. While law clerks may advise parties or their representatives as to procedural rules or policies of the presiding judge, law clerks may not advise parties or their representatives as to the advisability of any particular filing or what *substance* should be included in the filing. Those are strategic decisions that must be left to the parties themselves. Therefore, while there is no procedural rule on what *substance* must be included

-3-

in a motion to continue, the substance of the motion must nevertheless persuade the Court that a continuance is warranted.  Ms. Hanson's motion fell short.

Ms. Hanson now argues that she requires the testimony of a jail expert witness in order to substantiate her claims regarding the constitutionality of her conditions of confinement.  The Court cannot find, however, that an expert in jail operations is necessary to substantiate Ms. Hanson's claims in this case.  Ms. Hanson may present evidence as to what her conditions of confinement were and the jury can make a determination, with legal guidance from the Court in the jury instructions, as to whether those conditions violated the Constitution.  Even with Ms. Hanson's elaboration and supporting documents in this motion for reconsideration, the Court cannot find that the trial should be continued in order to accommodate this proffered expert's testimony.  The Court further notes that Defendants—both the Baxter County Defendants and Dr. Tullis—claim that Plaintiff has not disclosed any opinion of her proposed expert in accordance with Rule 26.  While the Court acknowledges that Plaintiff is proceeding pro se and has apparently had some difficulties in securing an expert in this case, Plaintiff is nevertheless expected to comply with the Federal Rules of Civil Procedure.  Furthermore, if Plaintiff had difficulties in securing expert testimony that she felt was essential to her case, she should have asked for a continuance before five weeks before trial.

Plaintiff's motion for reconsideration as to the Court's denial of a continuance is, therefore, denied.

The Court must, however, advise the parties that a scheduling conflict has arisen in regard to this trial on the Court's calendar, requiring the Court to reschedule trial of this matter.  The Court will enter an amended scheduling order rescheduling this matter for the next available date on the Court's calendar to hold a jury trial in Harrison.

**B.      Issue of Access to Incarcerated Witnesses**

Ms. Hanson moves the Court to reconsider its order (Doc. 176) denying her request that the Court issue an order directing the Arkansas Department of Corrections ("ADC") to permit her access to requested incarcerated prospective witnesses.  In denying that request the Court stated, in part, that "[t]he ADC must retain some discretion over the running of its own facilities.  While Ms. Hanson avers that she is not a security threat, the ADC has the discretion to refuse visitation based on criminal history or any number of other reasons.  Ms. Hanson can continue to seek recourse through the ADC system."  (Doc. 176, p. 9).  In order to prevent surprise at trial, the Court directed Defendants to, within three days of Ms. Hanson filing her pre-trial disclosure sheet, disclose whether they had spoken to any witnesses that Ms. Hanson was unable to speak with before trial.

The Court emphasizes that the ADC is not a party to this case.  While Ms. Hanson raises questions of witness tampering, no motion was filed with the Court specifically asking for an order that the Baxter County Defendants, or any individual Defendant, be prevented from impeding access to a witness.  If Ms. Hanson has information that she feels would warrant action by the Court as to the Baxter County Defendants—or any individual Defendant—specifically, she should file an appropriate motion.

Plaintiff's motion for reconsideration as to the Court's denial of her request for an order directed to the ADC is denied.

**C.      Narrowing of Claims against Dr. Tullis**

Ms. Hanson moves the Court to reconsider its order (Doc. 176) narrowing the scope of her claims against Dr. Tullis.  The Court first notes that it appears that several pages are missing from Ms. Hanson's motion for reconsideration.  The Court, however, can only rule on the basis of what

is before it and cannot guess as to what those missing pages might have contained.

The Court held that Ms. Hanson's claim for deliberate indifference against Dr. Tullis should proceed to trial. After a review of the record and consideration of the parties' briefs, however, the Court found that the issues suitable for trial on that claim should be narrowed. The Court again emphasizes that Ms. Hanson also still has claims against the Baxter County Defendants. One of those claims would involve the issue of whether Ms. Hanson was properly administered her medications. Because, upon review of the record, it appears that Ms. Hanson's claim involving the treatment of her thyroid condition is premised largely on the fact that she was not properly administered her medication, that claim lies against the Baxter County Defendants. As the Court has already found, Dr. Tullis was not responsible, by either practice or policy, for dispensing medication at the Baxter County Detention Center. Based on the Court's review of the record, the Court can find no basis for a claim of deliberate indifference against Dr. Tullis as to his management or treatment of Ms. Hanson's thyroid conditions. Further, the Court can find no basis for reconsideration of its previous order on this issue under Rule 60 of the Federal Rules of Civil Procedure.

Ms. Hanson's motion for reconsideration as to the narrowing of her claims against Dr. Tullis is denied.

## III.    Motion for Stay or, Alternatively, Leave to File Interlocutory Appeal

Ms. Hanson moved the Court to stay this matter pending the Court's review of her motion for reconsideration. Given the Court's expedited consideration of the motion for reconsideration and the fact that the motion has been ruled on herein, a stay of the proceedings is unnecessary, and Ms. Hanson's motion to stay is denied as moot. Ms. Hanson's alternative motion for leave to file

interlocutory appeal is denied.  The Court is not of the opinion that either this order or any previous unidentified order involve "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation" such that an interlocutory appeal under 28 U.S.C. § 1292(b) would be appropriate at this juncture.

## V.      Conclusion

For all the reasons set forth above, IT IS ORDERED that Ms. Hanson's motion to appoint counsel (Doc. 177) is DENIED.

IT IS FURTHER ORDERED that Ms. Hanson's motion for reconsideration (Doc. 178) is DENIED.

IT IS FURTHER ORDERED that Ms. Hanson's motion to stay proceedings or, alternatively, for leave to file interlocutory appeal (Doc. 182) is DENIED.

Due to the Court's scheduling conflict, this case will be reset for jury trial by separate order.

IT IS SO ORDERED this 24th day of February, 2014.

/s/ P. K. Holmes, III

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE